IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DRAKE EDWARDS,

       Plaintiff,                               Case No. 3:15-cv-260

vs.

UNIVERSITY OF DAYTON, *et al.*,          Judge Thomas M. Rose
                                                      Magistrate Judge Michael J. Newman

       Defendants.

**REPORT AND RECOMMENDATION[1] THAT
PLAINTIFF'S *PRO SE* COMPLAINT BE DISMISSED**

      This civil case is before the Court for a *sua sponte* review of *pro se* Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on July 30, 2015.  Doc. 1.  The Court granted Plaintiff's motion to proceed *in forma pauperis*, but held service of the complaint pending a review under § 1915(e)(2).  *See* Notation Order dated Aug. 21, 2015.  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

      *Pro se* Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the University of Dayton and a campus police officer, Jonathan McCoy.  Doc. 1-1 at PageID 4-7.  Plaintiff alleges that Officer McCoy cited him for an open container violation on March 13, 2015 and that, in his opinion, Officer McCoy "should not be a police officer"; that the officer "is very immature"; and that "he should attend [a] [d]iversity [c]lass on how to deal with black people[.]"  *Id*. at PageID

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

6. Notably, Plaintiff pled and was subsequently found guilty of an open container offense in the Dayton Municipal Court. *See State v. Edwards*, Dayton Mun. Court (Apr. 24, 2015, 3:48 PM), http://www.wejis.com/pa/CaseSummary.cfm?cid=788888.[2] Plaintiff seeks judgment in the amount of $100,000 and requests that the Court order Officer McCoy to "get help mental[l]y." *Id*. at PageID 7.

**II.**

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers,"

---

[2] The Court takes judicial notice of the Dayton Municipal Court's docket evidencing Plaintiff's guilty plea and subsequent conviction on the open container offense. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (stating that, in addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record"); *see also Fannon v. Patterson*, No. 3:13-CV-14, 2014 WL 4273337, at *2 n.4 (S.D. Ohio Aug. 29, 2014).

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* standards to a § 1915 review).

**III.**

After a careful review, and liberally construing Plaintiff's allegations in his favor, the Court finds that the complaint must be dismissed pursuant to § 1915(e)(2)(B). To state a claim for relief under § 1983, the complaint must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). The Court notes that the University of Dayton is a private institution and, therefore, an issue arises as to whether the University and its employee, Officer McCoy, are "state actors" capable of being sued for civil rights claims under § 1983. For purposes of this initial review, the Court assumes that Defendants are state actors. *See Sacko v. Univ. of Pa.*, No. CIV.A. 14-831, 2014 WL 2547802, at *2 (E.D. Pa. June 6, 2014) (finding a private university and its police officers were "state actors for the purposes of Section 1983").

With regard to a constitutional deprivation, Plaintiff fails to allege harm with specificity. *See* doc. 1-1 at PageID 4-7. Instead, Plaintiff claims only that Officer McCoy acted "very

3

immature"; and that he appeared, as noted above, in need of a "diversity class on how to deal with black people." *See id*. (capitalization deleted). Plaintiff sets forth no specific allegation against the University, although the Court, again liberally construing Plaintiff's complaint, finds that Plaintiff alleges a *Monell*-type claim against the school. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *see also Maniaci v. Georgetown Univ.*, 510 F. Supp.2d 50, 62 (D.D.C. 2007) (noting that "various circuits have applied Section 1983 and its limitations as set forth in *Monell* to private institutions such as Georgetown University where such private institutions employ quasi-state actors).

Liberally construing these allegations, the undersigned finds that Plaintiff plausibly alleges nothing more than rude and, perhaps, harassing behavior on the part of Officer McCoy.[3] *See id*. It is well settled law that rudeness, "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012); *State v. Elizabethtown Police Dep't*, No. 3:09-CV-569-H, 2010 WL 1196193, at *2 (S.D. Ohio Mar. 23, 2010) (holding that "[a] police officer's rudeness, verbal harassment and abusive language are not sufficient to state a constitutional claim under §1983"); *Logue v. U.S. Marshals*, No. 1:13-CV-348, 2013 WL 3983215, at *4 (S.D. Ohio Aug. 1, 2013) (holding that "allegations of rude behavior and verbal harassment by officers . . . simply do not rise to the level of a cognizable

---

[3] Insofar as *pro se* Plaintiff's complaint could be read to assert a malicious prosecution claim, such claim fails on its face. To prevail on a malicious prosecution claim under the Fourth Amendment, a plaintiff must demonstrate four elements, including the "lack of probable cause for the criminal prosecution" and that "the criminal proceeding . . . resolved in [his] favor." *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (citations omitted). Significantly, a finding of guilt in the underlying criminal prosecution "estop[s] plaintiff[] from . . . asserting in federal court that the defendant police officers acted without probable cause." *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). Here, as noted above, public records reveal that Plaintiff pled guilty and was ultimately convicted of the open container offense. *See State v. Edwards*, Dayton Mun. Court (Apr. 24, 2015, 3:48 PM), http://www.wejis.com/pa/CaseSummary.cfm?cid=788888.

4

constitutional claim"). Further, absent allegations of a plausible constitutional violation, Plaintiff's *Monell* claim against the University must also fail. *See Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (finding that, to assert a *Monell* claim, a plaintiff "must adequately plead . . . that a violation of a federal right took place"); *see also Fannon*, 2014 WL 4273337, at *7.

Accordingly, *pro se* Plaintiff's complaint does not state a claim upon which relief can be granted, therefore, merits dismissal.

**V.**

For the foregoing reasons, the Court **RECOMMENDS** that: (1) Plaintiff's complaint be **DISMISSED**; (2) service not issue; and (3) this case be **TERMINATED ON THE DOCKET**.

Date:  August 26, 2015                                    *s/ Michael J. Newman*
                                                         Michael J. Newman
                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).